UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAIAS SOTO CIFUENTES,

Plaintiff,

v.

CALIFORNIA CITY WARDEN,

Defendant.

No.  1:26-cv-04037-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 1, 8)

Petitioner Isaias Soto Cifuentes is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 30, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted and petitioner be ordered immediately released.  (Doc. No. 8.)  Specifically, the magistrate judge found that the government erroneously re-detained petitioner pursuant to 8 U.S.C. § 1225(b) and that he is subject to discretionary detention pursuant to § 1226(a).  (*Id.* at 4–7.)  The magistrate judge also concluded that petitioner's detention violates due process because he was entitled to a pre-deprivation hearing before being re-detained and the government failed to provide him with

/////

1

that process.  (*Id.* at 7–12.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days.  (*Id.* at 13.)

On July 7, 2026, respondent filed objections to the findings and recommendations.  (Doc. No. 9.)  Therein, respondent argues that while respondent maintains the position that petitioner is not subject to discretionary detention, the court should only order a bond hearing pursuant to § 1226(a) instead of petitioner's immediate release.  (*Id.*)  As the magistrate judge noted, petitioner has been detained since March 24, 2026 without being afforded a bond hearing and respondent does not argue that petitioner is either a danger or flight risk.  (Doc. No. 8 at 11.)  The due process violation caused by petitioner's detention for months without a bond hearing cannot be remedied by a post-deprivation bond hearing.  *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *2 (E.D. Cal. Feb. 19, 2026) (ordering the immediate release of a petitioner who was unlawfully detained pursuant to § 1225(b) for several months without a bond hearing and reasoning that "lengthy detention without the process afforded to [petitioner] under 8 U.S.C. § 1226(a) warrants release."); *see also Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *2 (E.D. Cal. June 2, 2026) ("In cases such as petitioner's, where the government has not advanced any argument or provided any evidence that petitioner poses a danger to the community or a flight risk, and petitioner has been denied his statutory right to a bond hearing for months, the court finds that release is the appropriate remedy.").  Accordingly, the court rejects respondent's objections and concludes that release is appropriate remedy.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons stated above,

1.     The findings and recommendations filed on June 30, 2026 (Doc. No. 8) are ADOPTED IN FULL;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.    Respondent is ORDERED to immediately release petitioner Isaias Soto Cifuentes, A-File No. 245-036-675, under the same conditions, if any, he was subject to prior to his re-detention on or about March 24, 2026;

    b.    Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner with written notice and a pre-detention hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

3.    The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

4.    The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **July 8, 2026**                       _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE